UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CHRISTINA LEE WELLINGER,

    Debtor,
_____/

CHRISTINA LEE WELLINGER,,

    Plaintiff,

v.

ROSEALEEN T. BORTON and RICHARD K. BORTON,

    Defendants.
_____/

Case No. 07-CV-10630-DT

Bank. Case No. 05-73192-tjt

Adv. Pro. No. 06-04080-tjt

**ORDER DENYING APPELLEES' MOTION TO STRIKE**

Pending before the court is Appellees Rosealeen T. Borton and Richard K. Borton's March 5, 2007 "Motion to Strike Appellant's Designation of Items to be Included in the Record on Appeal and Brief in Support." After reviewing the motion, the court finds that it does not require a response from Plaintiff Christina Lee Wellinger. The court will deny the motion.

Federal Rule of Bankruptcy Procedure 8006 provides, among other things, a procedure by which an appellant may designate certain materials to be included in the record on appeal, after which time the appellee may designate additional materials to be included. Appellees argue that Appellant impermissibly designated items to be included in the record on appeal which were not available to the Bankruptcy Court when it entered the order being appealed. Having reviewed Appellees' motion, the court is

not convinced that Appellant's designation was improper or that, even if it was, the court has authority to provide the relief requested. Bankruptcy Rule 8006 states that "[t]he record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court." Fed. R. Bankr. P. 8006. While the Rule provides a mechanism for an appellee to designate additional records when the appellant's designation is under-inclusive, it does not provide such any mechanism when the appellant's designation is purportedly *over*-inclusive. Indeed, this observation was made in the only case on which Appellees rely in their motion. *See In re Dow Corning Corp.,* 263 B.R. 544, 546 (Bkrtcy. E.D. Mich. 2001) ("As can be seen, the rule provides the appellee with a remedy for perceived underinclusiveness . . . But it is conspicuously silent on an appellee's recourse should it believe that the appellant's list is overinclusive. This silence suggests that the appellee has no recourse under such circumstances.") (citing *In re Berge*, 37 B.R. 705, 708 (Bankr. W.D. Wis. 1983)).

Appellees cite *Dow* for the proposition that "a designation of the items to be included in the record on appeal must only include those items which were available to the Bankruptcy Court when it entered the order being appealed." (Appellees' Mot. Br. at ¶ 2.) The court does not read *Dow* for this proposition. The *Dow* court expressly stated:

> Rule 8006 instructs that "the record on appeal shall include the items so designated by the parties." F.R. Bankr. P. 8006 (emphasis added). The highlighted term is generally understood to connote that which is mandatory, rather than permissive. *See, e.g., In re Revco D.S., Inc.*, 898 F.2d 498, 500-01 (6th Cir.1990). The obligatory nature of the "shall include" commandment, in conjunction with the rule's ministerial focus, renders implausible the proposition that an appellee-or the bankruptcy

> court-can second-guess the appellant regarding items to be included in the record on appeal. *See also* F.R. Bankr. P. 8007(c) ("If prior to the time the record is transmitted a party moves in the district court . . . for any intermediate order, the clerk at the request of any party to the appeal *shall* transmit to the clerk of the district court ... a copy of the parts of the record as any party to the appeal shall designate.") (emphasis added).

*Id.* at 547.[1]  The court agrees with this reasoning and finds that Rule 8006 does not provide a basis to strike any materials from the record on appeal.

The court also agrees with the *Dow* court's further observation that simply because the items are in the record, it does not mean that this court may review those items for any purpose:

> Even if an appellant does specifically rely on items which the appellee originally believed were irrelevant or otherwise objectionable, the latter party may decide that the purpose for which the appellant is citing them is acceptable. And if the appellee still wishes to object to the item, there is no reason why it cannot do so before the appellate court. *See In re Indian Palms Assocs.*, 61 F.3d 197, 205 (3d Cir.1995) ("[T]he fact that a document is included in the relevant record does not mean that the ... reviewing district court judge[ ] is entitled to use it for any purpose.... [T]here are principles that limit its use.").

*Id.* (footnote omitted).  Appellees are free to argue in their appeal brief, with citations to appropriate authority, that the court should not rely on certain documents in considering the relevant issues.  The court will simply not limit the record at this point.  Accordingly,

---

[1] The *Dow* court also held, alternatively, that it had no authority to decide a motion to strike under Rule 8006.  *Dow*, 263 B.R. at 546 ("Rule 8006 is also noteworthy in that it is directed at the clerk of the bankruptcy court, and provides no explicit role for the bankruptcy judge.").  However, the court does not agree with Appellees that this necessarily means that the district court *does* have authority to determine a motion to strike.  The court need not definitively rule on this issue, because it finds that even assuming the court has the discretion, it would not exercise that discretion to grant the proposed relief.

IT IS ORDERED that Appellees' "Motion to Strike Appellant's Designation of Items to be Included in the Record on Appeal and Brief in Support" [Dkt. # 4] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 14, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 14, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-10630.WELLINGER.DenyMotionStrikeDesignation.wpd