**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTINA LEE WELLINGER,

    Debtor,
_____/

CHRISTINA LEE WELLINGER,

    Plaintiff-Appellant,

v.

ROSEALEEN T. BORTON and
RICHARD K. BORTON,

    Defendants-Appellees.
_____/

Case No. 07-CV-10630-DT

Bankr. Case No. 05-73192
Adv. Proc. No. 06-04080

**OPINION AND ORDER DENYING PLAINTIFF'S
"MOTION REQUESTING EMERGENCY STAY OF WRIT TO EVICT"**

Before the court is Plaintiff-Appellant Christina Lee Wellinger's ("Plaintiff's") "Motion Requesting Emergency Stay of Writ to Evict," filed on May 14, 2007. In the motion, Plaintiff requests that the court stay the eviction of her great aunt and her from a residence in West Bloomfield, Michigan. The eviction is apparently being performed in connection with foreclosure proceedings undertaken by Franklin Credit Management Corporation, who is not a party to this action. Although not labeled as such, Plaintiff's *pro se* motion seeks relief in the form of a temporary restraining order pursuant to Federal Rule of Civil Procedure 65. The court must consider four factors in determining whether to grant a temporary restraining order:

    (1) likelihood of success on the merits;
    (2) potential for irreparable harm;

> (3) potential of adverse public impact; and
> (4) potential harm to the plaintiff weighed against the potential harm to the defendant.

*See, generally, Taubman Co. v. Webfeats,* 319 F.3d 770, 774 (6th Cir. 2003). None of these factors, standing alone, is a prerequisite to relief; rather, they must be balanced. *In re DeLorean,* 755 F.2d 1223, 1229 (6th Cir. 1985). Thus, "no single factor is determinative as to the appropriateness of equitable relief." *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537 (6th Cir. 1978). In her motion, Plaintiff fails to articulate any basis for relief, under the relevant four-pronged standard. The court has independently considered these four factors but, after balancing them, finds that Plaintiff is not entitled to relief. The heaviest factor against Plaintiff is the fact that she seeks relief against an entity who is a not a party to this litigation, without setting forth her legal basis for requested relief. The court also notes that, based on the attachments to her motion, foreclosure proceedings appear to have been occurring for several weeks, yet Plaintiff waited until the eleventh hour before filing a motion. Under these factors, the court finds that the requirements for issuing a temporary restraining order without notice to the adverse party under Federal Rule of Civil Procedure 65(b) are not met. Accordingly,

IT IS ORDERED that Plaintiff's "Motion Requesting Emergency Stay of Writ to Evict" [Dkt. # 13] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 22, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 22, 2007, by electronic and/or ordinary mail.

                                                S/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-10630.WELLINGER.TRO.2.wpd

3