**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

In re CHRISTINA LEE WELLINGER,

Debtor.
_________________________________________/

CHRISTINA LEE WELLINGER,

Appellant,

v.

ROSEALEEN T. BORTON, RICHARD K. BORTON,

Appellees.
_________________________________________/

Case No. 07-CV-10630
Bankruptcy No. 05-73192
Adv. Proc. No. 06-04080

**OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S "ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING MOTION FOR SUMMARY JUDGMENT IN PART"**

Pending before the court is Appellant-Defendant Christina Wellinger's April 17, 2007 appeal of the bankruptcy court's order granting summary judgment[1] for Appellees-Plaintiffs Rosealeen Borton and Richard Borton (the "Bortons"). Having reviewed the briefs, the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will affirm the order of the bankruptcy court.

---

[1]In her *pro se* appeal, Wellinger raises a number of issues that are not properly before this court because either Wellinger failed to raise them before the bankruptcy court or because Wellinger failed to file a notice of appeal as to those orders. *See* 28 U.S.C. § 158; Bankruptcy Rule 8004; (*see also* 2/12/07 Notice of Appeal at 2 (designating the bankruptcy court's January 31, 2007 summary judgment order as the sole issue on appeal)). Accordingly, the court will deny Wellinger's appeal as to issues that the bankruptcy court did not address in its summary judgment order.

## I. BACKGROUND

The instant case arises out of a business arrangement between the parties, whereby Wellinger owned the development company that sold a condominium lot to the Bortons. On April 28, 2004, the Bortons filed a complaint against Wellinger in the 13th Judicial Circuit Court. (Compl., Appellant's Ex. A.) The Bortons' complaint contained, among other claims, counts for misrepresentation and fraud. (*Id*.) Wellinger filed both an answer and an amended answer to the complaint. (Answers, Appellant's Ex. B.) Both parties participated in the litigation process and appeared for two in-court hearings on July 19, 2004, (7/19/04 Hr'g, Appellant's Ex. C), and July 26, 2004, (7/26/04 Hr'g, Appellant's Ex. D). After engaging in these hearings, Wellinger began to withdraw from the proceedings by failing to file the required pre-trial statement or otherwise defending the case. (*See* Entry of Default, Appellant's Ex. E.) The Bortons sought an entry of default, which was granted, (*see id.*), and proceeded to obtain a default judgment for $806,076.97, (*see* Default Judgment, Appellant's Ex. F). Of that $806,076.97 judgment, $522,576.97 was attributable to the Bortons' claims for fraud and misrepresentation. (*Id*. at 2.)

Subsequently, Wellinger filed a voluntary Chapter 7 petition, and sought to discharge the debt owed to the Bortons. On January 16, 2006, the Bortons initiated an adversary action against Wellinger, contesting the dischargeability of the $522,576.97 debt under 11 U.S.C. § 523(a)(2)(A) because Wellinger allegedly obtained the funds through fraud and misrepresentation. The Bortons filed a motion for summary judgment and, at the hearing, the bankruptcy court determined that the doctrine of collateral estoppel precluded the issue of fraud and misrepresentation from being re-litigated.

(*See* 2/15/06 Tr. at 15, Appellant's Ex. G.) Accordingly, the bankruptcy court granted the Bortons' motion for summary judgment and held that the $522,576.97 was a non-dischargeable debt. (1/31/07 Order at 2, Appellant's Ex. H.) Wellinger appealed.

## II. STANDARD

In reviewing a bankruptcy appeal, the district court must accept as correct the bankruptcy court's findings of fact, unless they are clearly erroneous. Fed. R. Bankr. P. 8013; *see also In re Caldwell*, 851 F.2d 852, 857 (6th Cir. 1988). The bankruptcy judge's conclusions of law, however, are reviewed *de novo*. *Id.* at 857; *Heights Cmty. Congress v. Hilltop Realty*, *Inc.,* 774 F.2d 135, 140 (6th Cir. 1985). An order granting summary judgment is such a question of law to be reviewed *de novo*. *Myers v. IRS (In re Myers)*, 216 B.R. 402 (B.A.P. 6th Cir. 1998); *In re Battie*, 995 F.2d 85, 88 (6th Cir. 1993). The court therefore reviews the bankruptcy court's August 22, 2006 order denying Wellinger's and granting the Bortons' motion for summary judgment *de novo*.

Federal Rule of Civil Procedure 56, which governs summary judgment motions, provides, in part, that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary judgment is to be entered if the evidence is such that a reasonable jury could find only for the moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a

verdict for that party." *Anderson*, 477 U.S. at 250. In assessing a summary judgment motion, the court must examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the non-moving party. Fed. R. Civ. P. 56(c); *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III. DISCUSSION

Under 11 U.S.C. § 523(a)(2)(A), a debtor may not discharge a debt if it arose through fraud or misrepresentation. To establish fraud or misrepresentation under § 523(a)(2)(A), the creditor must demonstrate that

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Servs*., 141 F.3d 277, 280-81 (6th Cir. 1998).

If a finding of fraud or misrepresentation was made in a prior proceeding, the doctrine of collateral estoppel can prevent a debtor from re-litigating the issue in the bankruptcy proceeding. *See Rally Hill Prods. v. Bursack*, 65 F.3d 51, 53 (6th Cir. 1995) (applying the doctrine of collateral estoppel to a dischargeability action under 11 U.S.C. § 523(a)(2)(A)); *Thomas v. Ware*, No. 06-1151, 2007 WL 1012985 (E.D. Mich. March 30, 2007) (same). Collateral estoppel only applies under Michigan law, however, if the prior proceeding was an action between the same parties that "culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined." *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990). There is no dispute that the same parties participated in the underlying state court action.

### A. Actually Litigated

If the former judgment was entered by default, the issue was "actually litigated" only if the defaulting party also had "substantial participation" in the litigation. *Building Commc'ns, Inc. v. Rahaim*, 324 B.R. 29 (Bankr. E.D. Mich. 2005) (citations omitted). The *Rahaim* Court found that, in that case, the "substantial participation" requirement was satisfied when the defaulting party "retained counsel, filed an answer and a counterclaim, and engaged in discovery." *Id*. at 37; *see also Robinson v. Callender*, 212 B.R. 276, 280 (Bankr. W.D. Mich. 1997) (finding that the defaulting party "actually litigated" the previous action by filing an answer and "substantially participat[ing] in the defense of the underlying state court litigation right up until the eve of trial").

The bankruptcy court noted that the parties did not dispute that Wellinger filed "an answer and an amended answer, both with the benefit of counsel representing her at the time in the State Court action" and that there were "two hearings at a minimum [in] which the evidence indicates without a genuine dispute that [Wellinger] did appear in and participate in . . . the State Court case." (1/24/07 Tr. at 6-7, Appellant's Ex. G.) These factual findings are supported by the record and are not clearly erroneous.

Accordingly, the bankruptcy court found that Wellinger "did substantially participate in defending the State Court action before the default judgment was entered" and she therefore "actually litigated the issues which are covered by the State Court judgment" for purposes of collateral estoppel. (*Id*. at 7.) The court agrees. Like the debtors in *Rahaim* and *Callender*, Wellinger substantially participated in her defense and therefore actually litigated the state court action for purposes of collateral estoppel.

### B. Necessarily Determined

In the context of collateral estoppel, "[a]n issue is necessarily determined only if it is 'essential' to the judgment." *Robinson v. Callender*, 212 B.R. 276, 281 (Bankr. W.D. Mich. 1997) (quoting *People v. Gates*, 452 N.W.2d 627, 631 (Mich. 1990)); *see also Detroit Auto. Inter-Ins. Exchange v. Higginbotham*, 290 N.W.2d 414, 418 (Mich. Ct. App. 1980) (citations omitted) (stating that a default judgment "is conclusive only as to those matters essential to support the judgment"). Therefore, collateral estoppel only prevents Wellinger from re-litigating the fraud and misrepresentation claims if they were essential to the default judgment.

After a careful review of the state court complaint and the elements for fraud and misrepresentation under both Michigan law and § 523(a)(2)(A), the bankruptcy court determined that the state court necessarily determined all of the elements of fraud necessary for § 523(a)(2)(A). The court agrees. "The elements of a dischargeability case under 11 U.S.C. § 523(a)(2)(A) for false misrepresentation and fraud are virtually identical to the elements that Michigan requires to establish fraudulent misrepresentation." *Cresap v. Waldorf*, 206 B.R. 858, 863 (Bankr. E.D. Mich. 1997). Therefore, the circuit court's finding of fraud under Michigan law necessary supports a judgment for fraud under § 523(a)(2)(A). Furthermore, the circuit court found that "all of the material allegations contained in Plaintiff's Complaint are true" and that the Bortons substantiated their claims of fraud and misrepresentation. (Default Judgment at 2, Appellant's Ex. F.) The bankruptcy court's decision to adopt these factual findings was not clearly erroneous.

Accordingly, the court agrees with the bankruptcy court's conclusion that collateral estoppel precludes Wellinger from re-litigating the issues of fraud and misrepresentation in her bankruptcy proceeding.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that the bankruptcy court's January 31, 2007 "Order Granting Motion for Summary Judgment in Part and Denying Motion for Summary Judgment in Part" is AFFIRMED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522